IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE NANNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 25-1160 (JLH) |
| DELAWARE DIVISION OF FAMILY SERVICES, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Nicole Nanney, of Wilmington, Delaware, filed a pro se complaint on September 17, 2025. (D.I. 2.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 5.) Accordingly, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the complaint will be dismissed. Plaintiff is granted leave to amend on or before March 24, 2026.

1. The Complaint asserts claims under 42 U.S.C. § 1983. (D.I. 2.) Plaintiff alleges that, on March 15, 2021, Defendants Demetra Tzinoudis and Lori Jones—employees of Odyssey Charter School—"fabricated notes and reports falsely alleging abuse of Plaintiff's children." (*Id.* ¶ 13.) Plaintiff alleges that Defendants Delaware Division of Family Services ("DFS") and Alexandria Shoemaker—a DFS caseworker—included the false allegations in DFS reports in 2021. (*Id.* ¶¶ 14, 15.) Plaintiff alleges that Defendant Jaclyn VanNortwick—a DFS supervisor—"approved and ratified Shoemaker's use of false documentation." (*Id.* ¶ 16.) According to Plaintiff, "[t]hese combined acts led to the unlawful removal of Plaintiff's children for almost two

years, deprivation of her parental rights, and lasting harm to the Plaintiff and the children that were placed into an abusive home." (*Id.* ¶ 18.) Plaintiff seeks a declaration that Defendants' conduct was unconstitutional, disclosure of unredacted records from DFS and Odyssey, compensatory damages of $10 million from each Defendant, punitive damages, injunctive relief "requiring reforms to prevent fabrication of evidence," "injunctive relief directing [DFS] and Odyssey Charter School to remove Defendants . . . from their current positions and enjoining them from future employment in [fields involving children]," an "Order that Defendants' conduct be referred to the appropriate Delaware licensing and professional oversight boards . . . .," and other relief. (*Id.* at 5.)

2.   The limitations period for Plaintiff's § 1983 claims is two years. *Gardner by Gardner v. Parson*, 874 F.2d 131, 141 n.15 (3d Cir. 1989). Plaintiff filed this case in September 2025, more than four years after the conduct being challenged. As this is a situation where the complaint itself reveals that the claim is clearly time-barred, the Court will dismiss the complaint for failure to state a claim. Out of an abundance of caution, Plaintiff will be afforded one opportunity to amend the complaint.

NOW, THEREFORE, at Wilmington, on this 24th day of February, 2026, IT IS HEREBY ORDERED that the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an Amended Complaint on or before March 24, 2026. Should Plaintiff fail to timely file an Amended Complaint that plausibly alleges a claim that is not time-barred, this action will be closed.

                                                                                                                    The Honorable Jennifer L. Hall
                                                                                                                    United States District Judge